UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELO JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  20-1632 (UNA) |
| | ) |
| SHEILA STOKES *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).  This standard aims to give fair notice to each defendant of the claims being asserted sufficiently to prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff is a District of Columbia resident who has sued four District of Columbia employees, utilizing a form "Complaint for a Civil Case." The complaint, seeking "a total amount of 138 million for an assault, lost pay," *id.* ¶ IV, is fraught with problems. First, the caption of the complaint lists Consuelo Jordan <u>and</u> Carolyn E. Jordan as plaintiffs, but Carolyn Jordan has neither signed the complaint nor filed a motion to proceed *in forma pauperis*, and a *pro se* party like Consuelo Jordan cannot prosecute the claim of any other individual. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"). Second, the complaint contains Consuelo Jordan's typewritten name but not her signature and certification pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* Compl. ¶ V (Certification and Closing). Adding to the confusion is the typewritten completion of both parts of the Certification and Closing section, designated "For Parties Without an Attorney" and "For Attorneys." The latter contains the name of Karl W. Carter, Jr., "Attorney of Law." It is reasonably safe to conclude from the lack of Carter's signature and the listing of his bar number and e-mail address as "Unknown" that Carter did not complete that section and is not representing Plaintiff in this matter. Third, the section for providing the "Basis for Jurisdiction," Compl. ¶ II, is completely blank, and diversity appears lacking here. Fourth, the "Statement of Claim," *id.* ¶ III, consists of a rambling narrative but no discernible allegations of fact to notify each defendant of the claim(s) being asserted. Such "rambling, disjointed, incoherent" and "confusing" assertions "patently fail [Rule 8(a)'s] standard[.]" *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

Therefore, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

                                                    /s/  
                                                  JAMES E. BOASBERG  
                                                  United States District Judge

DATE:  July 9, 2020